**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANGEL MORENO,

     Petitioner,

v.

                                    CASE NO.   8:06-CV-2036-T-30MSS
UNITED STATES OF AMERICA,                          8:02-CR-370-T-30MSS

     Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's timely Motion to Vacate Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1), and the United States' Response (Civ. Dkt. 4).   Upon review of the briefs of the underlying criminal proceedings this Court determines that the motion to vacate should be denied.

## Background

Petitioner, Angel Moreno (hereinafter "Moreno" or "Petitioner") pleaded guilty without a plea agreement to conspiring to possess five kilograms or more of cocaine with the intent to distribute, while on board a vessel subject to the jurisdiction of the United States in violation of 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii); and 46 App. U.S.C. §1903(g) and (j). (Crim. Dkt. 54, 66).   On May 1, 2003, the Court sentenced Petitioner to serve 168 months' imprisonment followed by five years' of supervised release.   (Crim. Dkt. 79).   Petitioner appealed, arguing that his guilty plea was not

-1-

knowing and voluntary because the magistrate judge had failed to fully comply with

Fed. R. Crim. P. 11 before Moreno entered his plea. (Crim. Dkt. 85).  After reviewing

the plea proceedings, the United States conceded that the Rule 11 colloquy had

been deficient. (Crim. Dkt. 136). Therefore, the United States requested that the

Court issue an order certifying that remand was warranted and correct the error in

the plea proceedings. (Crim. Dkt. 136, 138). Petitioner re-entered a guilty plea and

was re-sentenced. (Crim. Dkt. 160, 171).

The Petitioner filed an appeal with the Eleventh Circuit Court of Appeals

raising the following issues:

> 1) Whether the District Court erred in ruling that Appellant Moreno was
> not entitled to the safety valve relief based on speculation and
> unsupported assumptions that he was not completely truthful.
>
> 2) Whether the District Court erred, as a matter of law, in limiting the
> sentencing guidelines definition for "participants" to exclude all co-defendants
> and then suggesting a mathematical test when determining minor role.
>
> 3) Whether the District Court erred, as a matter of law, in summarily and
> without legal justification, denying Appellant Moreno's downward departure
> motion for aberrant behavior.
>
> 4) Whether Appellant's Sixth Amendment right was violated when the District
> Court sentenced him pursuant to the sentencing scheme authorized by the
> United States Sentencing Guidelines.

The Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and

sentence on June 8, 2005.  United States v. Moreno,134 Fed. Appx 339 (11th Cir.

2005) *cert. denied,* 126 S. Ct. 1394 (2006).  Petitioner filed this Motion to Vacate

Sentence pursuant to 28 U.S.C. § 2255 on November 1, 2006, requesting that his

sentence be vacated on the following grounds:

> **GROUND 1:** Petitioner alleges that his Sixth Amendment right to a choice of counsel was violated when Petitioner's counsel withdrew, and Petitioner was appointed new counsel.

> **GROUND 2:** Petitioner alleges that he should have received a sentence reduction according to USSG 2D1.1, based on his status as a crew member.

> **GROUND 3:** Petitioner alleges that the United States Coast Guard did not have jurisdiction over the vessel, and therefore, did not have jurisdiction to take Petitioner into custody.

> **GROUND 4:** Petitioner alleges ineffective assistance of counsel based on defense counsel's withdrawal based on a conflict of interest and his counsel's failure to argue as advised by Petitioner.

(Civ. Dkt. 1 at 4 -8.)  For the reasons set forth below, the Court finds that Petitioner is not entitled to the relief he seeks.

## Facts

In September 2002, Petitioner and three others were hired to drive a go-fast boat filled with cocaine to Guatemala.  The four crew members departed from Buenaventura, Columbia, in a small boat and boarded the go-fast boat a short distance away.  Two days later a United States Navy helicopter sighted the go-fast boat, and notified the United States Coast Guard.  The crew of the go-fast boat spotted the Navy helicopter and attempted to flee while dumping bales of cocaine into the water.  Despite the attempt to escape, the Coast Guard caught the go-fast boat and recovered 1,586.6 kilograms of cocaine.  When the Coast Guard boarded the boat, none of the crew members claimed or admitted to being the captain or

master of the vessel.  Therefore, the vessel was without nationality and subject to the jurisdiction of the United States. (Crim. Dkt. 183 at 50-51).

The United States Probation Office recommended in its pre-sentence report that this Court establish Petitioner's base offense level at 38, pursuant to USSG §2D1.1 (c)(1).   PSR ¶¶ 23-25.  The pre-sentence report recommended a total increase in Petitioner's offense level of seven points because Petitioner's offenses had involved 1634 kilograms of cocaine, he had acted as captain or navigator of the boat, he directed other crew members, there was a firearm on the boat, and the conspiracy had involved more than five participants.   USSG §2D1.1(b)(1); USSG §2D1.1(b)(1)); USSG §2D1.1 (b)(2)(B));USSG § 3B1.1 (b); PSR ¶¶ 23-25, 27.

### Discussion

Petitioner has one-year from the time his judgment becomes final to file a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The Eleventh Circuit has determined that the section 2255 limitation period begins to run when the appeal period ends which, in this case, was when Supreme Court denied certiorari. Washington v. U.S., 243 F.3d 1299, 1300 (11th Cir. 2001).  The Supreme Court denied Petitioner's writ of certiorari and Petitioner's judgment became final on February 21, 2006.  According to 28 U.S.C. § 2255, Petitioner had until February 21, 2007, to file a 28 U.S.C. § 2255 motion.  Petitioner filed this motion on November 1, 2006, within the one-year limitation period.  The Court finds Petitioner's 2255 motion to be timely.

**Ground One:**            Petitioner alleges that his Sixth Amendment right to a choice of counsel was violated when Petitioner's counsel withdrew, and the Court appointed new counsel.

Petitioner claims that he was denied effective assistance of counsel when the Court appointed him new counsel after his original counsel withdrew due to a conflict of interest.  Petitioner alleges that the Court's appointment of new counsel violated his Sixth Amendment right to choose his own counsel as stated in United States v. Gonzalez-Lopez.  126 S.Ct. 2557 (2006).

In United States v. Gonzalez-Lopez, the United States Supreme Court held that an element of the Sixth Amendment right to counsel is the right of a defendant, who does not require appointed counsel, to choose who will represent him. Gonzalez-Lopez, 126 S.Ct. at 2561.  The Supreme Court has stated that those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts. Caplin & Drysdale, Chartered v. U.S., 491 U.S. 617, 624 (1989).

The Gonzalez-Lopez decision is not applicable to Petitioner's case.  There is no evidence in the record that Petitioner attempted to hire counsel, indicated to the Court a preference to hire his own counsel, or that he was dissatisfied with newly appointed counsel.   This Court's appointment of new counsel following the withdrawal of the original counsel is not a deprivation of Petitioner's right to counsel of choice.

For the foregoing reasons, ground one will be denied.

**Ground Two:**   Petitioner alleges that he should have received a sentence reduction according to USSG 2D1.1, based on his status as a crew member.

Petitioner requests that this Court correct his sentence, alleging that he played a minor role in the conspiracy and is thus entitled to a reduction in his sentence. Petitioner is barred from raising this claim, as it has already been denied by the Eleventh Circuit Court of Appeals. U.S. v. Moreno, 134 Fed.Appx. 339 (11thCir. 2005).

A matter that has been decided adversely against the defendant on direct appeal cannot be re-litigated in a collateral attack under 28 U.S.C. § 2255. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)(quoting United States v. Natelli, 553 F.2d 5,7 (2d Cir. 1977); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994).  On direct appeal the Eleventh Circuit determined that the district court properly considered the players and roles in the conspiracy for which Moreno was charged and that the record supported the district court's conclusion. Moreno, 134 Fed. Appx. at 341.  In addition, the Eleventh Circuit noted that the sheer quantity of drugs, was sufficient evidence that a minor role reduction was not warranted.  Id.

A court will not reconsider an issue already decided on direct appeal unless there are changed circumstances of fact or law. (Nyhuis, 211 F.3d at 1343). Petitioner raises the same argument in this Motion that he raised in his appellate brief, with no new issues of fact or law.

Petitioner also claims that his counsel was ineffective for failing to argue for

a minor role reduction at sentencing. (Civ. Dkt. at 1).  To establish a prima facie claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Deficient performance is defined in Strickland as performance which is objectively unreasonable under prevailing professional norms. Id. at 688.  The deficient performance must also be shown to prejudice the defense.  Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694.

Even if Petitioner's counsel did not argue for a minor role reduction at Petitioner's sentencing hearing, Petitioner was not prejudiced by counsel's alleged inaction.  As stated *supra*, on direct appeal, the Eleventh Circuit Court of Appeals upheld the district court's denial of a minor role reduction. Moreno, 134 Fed. Appx. at 341.  Because this issue was determined to be without merit on direct appeal, Petitioner  was not prejudiced.

Ground two will be denied.

**Ground Three:**     Petitioner alleges that the United States Coast Guard did not have jurisdiction to apprehend the vessel.

Petitioner claims that according to the international treaty between the United States and Columbia, the Coast Guard must wait three hours for a response after contacting the Columbian government for permission to board.

Subject matter jurisdiction defines the court's authority to hear a given type of case. <u>U.S. v. Morton</u>, 467 U.S. 822, 828 (1984).  Congress has provided the district courts with original jurisdiction of "all offenses against the laws of the United States." 18 U.S.C. § 3231 (2006).  According to the Maritime Drug Enforcement Act (MDEA), it is a violation against the laws of the United States to "knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance" aboard a vessel subject to the jurisdiction of the United States. 46 App. U.S.C. § 1903.  The MDEA provides in pertinent part:

> (a)   Vessels of the United States or vessels subject to the jurisdiction of the United States
>
> It is unlawful for any person on board ... a vessel subject to the jurisdiction of the United States to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance. . .
>
> (c)   "Vessel subject to the jurisdiction of the United States" and "vessel without nationality" defined
> (1)   For purposes of this section 'a vessel subject to the jurisdiction of the United States' includes
>   (A)   a vessel without nationality; . . .
> (2)   For purposes of this section, a 'vessel without nationality' includes . . .
>   (B)   any vessel aboard which the master or person in charge fails, upon request of an officer of the United States empowered to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel; and
>   (C)   a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality. . . .

46 App. U.S.C. § 1903

Challenges to the constitutionality of the Maritime Drug Enforcement Act, including challenges to jurisdiction, have been rejected by the Eleventh Circuit Court of Appeals.  *See* U.S. v. Tinoco, 304 F.3d 1088 (11th Cir. 2002); U.S. v. Estupinan, 453 F.3d 1088 (11th Cir. 2006).

The Eleventh Circuit Court of Appeals has defined a "claim of nationality or registry" as a vessel "flying its nation's flag, possessing and producing documents evidencing the vessel's registry, or a verbal claim of nationality by the master or person in charge." U.S. v. De La Cruz, 443 F.3d 830, 832 (11th Cir. 2006). A vessel was considered "without nationality" so that it was subject to the United States jurisdiction under § 1903 where the vessel in question flew no flag, carried no registration paperwork, and bore no markings indicating its nationality. Id.  In addition, the Eleventh Circuit determined that if the crew made no claims about the boat's nationality or registry upon questioning, and the captain hid among the crew and failed to identify himself then the vessel was also without nationality. Id. Therefore, under the facts of this case, the vessel was properly considered without nationality and this Court had jurisdiction.

Petitioner also alleges that he was denied effective assistance of counsel when his defense counsel failed to raise this jurisdictional challenge on appeal. (Civ. Dkt. 1 at 8).  Counsel is not deficient for failing to raise an argument which runs contrary to the law or controlling precedent at trial or on appeal. *See* Jones v.

Barnes, 463 U.S. 745(1983); U.S. v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992)(finding an attorney was not ineffective for failing to argue a merit less issue). Therefore, Petitioner has failed to meet the requisite burden for an ineffective assistance of counsel claim.

Ground three will be denied.

**Ground Four:**    Petitioner alleges ineffective assistance of counsel based on his defense counsel's failure to argue as advised by Petitioner and counsel's subsequent withdrawal.

Petitioner did not state in his 2255 motion the arguments that he instructed defense counsel to argue.   Therefore, this court cannot make a determination regarding defense counsel's effectiveness.   Vague, conclusory, or unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991).  Because Petitioner's motion fails to explain or argue this ineffective assistance of counsel claim, this claim fails.  (Civ. Dkt. 1).

For the foregoing reasons, ground four will be denied.

## **CONCLUSION**

Having reviewed the record, applicable statutes, and controlling case law in the Eleventh Circuit, the court finds Petitioner has not met the criteria for relief under 28 U.S.C. § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1.    Petitioner's Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence (Case No. 8:06-CV-2036-T30MSS, Civ. Dkt. 1 and Case No.: 8:02-cr-370-

-10-

T-30MSS, Crim. Dkt. 237) is **DENIED.**

2.      The **Clerk** is directed to enter judgment in Case No. 8:06-CV-2036-

T30MSS against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 15, 2007.


_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE




**Copies furnished to:**
Counsel/Parties of Record

-11-